UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN
(MADISON)

---

SETH D. HARRIS, Acting[1] Secretary of Labor,
United States Department of Labor,

    Plaintiff,

v.

GEORGE HALL and the STAINLESS STEEL
FABRICATING, INC., SALARY REDUCTION
SIMPLIFIED EMPLOYEE PENSION PLAN,

    Defendants.

Civil Action No. 3:11-cv-00849

Judge Barbara Crabb

Magistrate Judge Steven Crocker

---

## CONSENT ORDER AND JUDGMENT

Plaintiff Seth D. Harris, Acting Secretary of Labor, United States Department of Labor, pursuant to the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, *et seq.*, filed a complaint against Defendant George Hall alleging breaches of his fiduciary responsibilities under ERISA §§403(a) and (c)(1), 404(a)(1)(A), 406(a)(1)(D), and 406(b)(1) and (2) with respect to the Stainless Steel Fabricating, Inc., Salary Reduction Simplified Employee Pension Plan ("SARSEP") and the welfare plan that Stainless Steel Fabricating, Inc. (Stainless Steel) established to provide health benefits to its employees ("Health Plan") (collectively, "Plans"). Defendants admit to the jurisdiction of this Court over them and the subject matter of this action.

The Plaintiff and Defendant George Hall ("Hall") have agreed to resolve all matters in controversy in this action between them (except for the imposition by Plaintiff of any penalty pursuant to ERISA §502(l), 29 U.S.C. §1132(l), and any proceedings related thereto), and said parties do now consent to entry of a *Consent Order and Judgment* ("*Consent Order*") by this

---

[1] By operation of law, Seth D. Harris is substituted for former Secretary of Labor Hilda L. Solis. Fed. R. Civ. P. 25(d).

Court in accordance therewith. The parties agree that, if the Secretary of Labor assesses a penalty pursuant to ERISA §502(l) in connection with the violations alleged in this matter, the "applicable recovery amount" shall include all amounts paid in accordance with this *Consent Order*.

Upon consideration of the record herein, and as agreed to by the parties, the Court finds that it has jurisdiction to enter this *Consent Order*.

**IT IS THEREFORE ORDERED** that:

1. Defendant Hall is permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §1001 *et seq.*

2. Defendant George Hall is permanently enjoined from serving or acting as a fiduciary or service provider to any ERISA-covered employee benefit plan and is removed from any position he now holds as a fiduciary of the Stainless Steel Fabricating, Inc., SARSEP and the Stainless Steel Health Plan, except for the purposes of restoring and allocating the monies owed to the Plans.

3. As a result of his fiduciary violations of ERISA, Defendant Hall is liable for $29,053.59 in unremitted employee contributions and loan repayments (collectively "employee contributions" or "SARSEP contributions") to the SARSEP which were withheld from employees' pay during the period from March 1, 2005, through November 19, 2010. Defendant Hall waives repayment of the amount owed to him, thus reducing to $14,390.59 the principal amount that he owes to the SARSEP.

4. Defendant Hall is liable for $3,732.03 in lost opportunity costs through April 30, 2013, on unremitted and untimely remitted SARSEP contributions during the period from March 1, 2005, through November 19, 2010.

2

5. The SARSEP participants who are due a recovery other than Defendant Hall are Curtis Bowen, David Knapp, Stephen Kurtz, and Timothy Quella.

6. Defendant Hall is liable for $1,313.54 in unremitted employee contributions to the Health Plan participants who had employee contributions deducted from their pay during the period June 1, 2009, to October 1, 2009, for health insurance coverage.

7. In accordance with the schedule set forth below, within 80 days of the entry of this *Consent Order* Defendant Hall shall restore $18,122.62 to the SARSEP and $1,313.54 directly to the Health Plan participants/beneficiaries who incurred a loss as a result of Defendant Hall's fiduciary breach ("affected Health Plan participant/beneficiaries"). All SARSEP contributions to be restored will be paid on a *pro rata* basis based on each participant's share of unremitted contributions and all Health Plan contributions to be restored will be paid on a *pro rata* basis based on each participant's share of unremitted contributions. Defendant Hall shall restore the following amounts by the following dates:

    A. On June 10, 2013, Defendant Hall paid $665.92 for the benefit of the Health Plan participants/beneficiaries. The parties agree that Defendant Hall submitted a money order to his attorney in the amount of $665.92 for the initial payment to the affected Health Plan participants/beneficiaries. The money order in the amount of $665.92, provided by Defendant Hall on June 10, 2013, to his attorney for the initial payment to the affected Health Plan participants/beneficiaries, shall be divided and individual checks sent by Defendant Hall's attorney within fourteen days of entry of the *Consent Order* to the following individuals in the following amounts: 1) Curtis Bowen, $291.34; 2) Timothy Quella, $166.48; and 3) Raymond Johnson, $208.10.

  **B.**  By July 30, 2013, $2,000 shall be paid by Defendant Hall in the following manner:

    **i.**  Individual checks totaling $647.62 shall be sent to the following Health Plan participants/beneficiaries in the following amounts: 1) Ricky Schneekloth, $329.64; 2) Dan Gillis, $83.24; 3) Jeffrey Wodill, $109.88; 4) Stephen Kurtz, $83.24; and 5) Scott Thomas, $41.62;

    **ii.**  A check in the amount of $1,352.38 shall be issued to PenChecks in the name of the SARSEP and shall be sent to PenChecks, 8580 La Mesa Blvd, Suite 101, La Mesa, CA 91942. This amount represents a partial restoration of participant contributions owed to Curtis Bowen and Timothy Quella, who are current participants in the SARSEP who still have funds held with Morgan Stanley Wealth Management (Morgan Stanley). Defendant Hall shall ensure that PenChecks forwards this amount within three days to Morgan Stanley, 11501 N. Port Washington Road, Suite 100, Mequon, WI 53092-3466.

    **iii.**  In advance of remitting this sum to PenChecks, Defendant Hall shall retain PenChecks for the purpose of:

      **a.**  making distributions to the SARSEP accounts of Messrs. Bowen and Quella, SARSEP participants who incurred losses as a result of Defendant Hall's fiduciary breaches, at Morgan Stanley;

      **b.**  locating and making distributions to Messrs. Knapp and Kurtz, former SARSEP participants who incurred losses as a result of Defendant Hall's fiduciary breaches;

     **c.** establishing an account in the name of the SARSEP to hold any monies to be restored to Messrs. Knapp and Kurtz pursuant to this *Consent Order* ("PenChecks Account"); and

     **d.** retaining PenChecks to establish IRA accounts if it cannot locate either Mr. Knapp or Mr. Kurtz.

    **iv.** Defendant Hall shall forward all agreements with PenChecks entered into pursuant to this *Consent Order* to the Secretary within seven calendar days of entering into said agreements. Such agreements shall be provided to the Regional Director, U.S. Department of Labor, Employee Benefits Security Administration ("EBSA Regional Director"), 230 S. Dearborn Street, Suite 2160, Chicago, Illinois 60604.

  **C.** By August 30, 2013, the remaining $16,770.24 shall be restored by Defendant Hall in the following manner:

    **i.** Defendant Hall shall issue a check in the amount of $16,770.24 to PenChecks in the name of the SARSEP at the address listed in Paragraph 7(B)(ii). This amount represents the final restoration of participant contributions.

     **a.** Defendant Hall shall provide written directions to PenChecks for the SARSEP participants as follows:

      **(1)** Remit $5,946.70 to Morgan Stanley at the address listed in 7(B)(ii), specifying the amount that should be restored to the individual investment accounts of Messrs Bowen and Quella in amounts equal to their unremitted contributions;

      **(2)** That all lost income amounts related to unremitted contributions that total $1,003.50 and are included as part of the aforementioned $5,946.70 shall be allocated on a *pro rata* basis based on Messrs Bowen's and Quella's individual shares of

5

unremitted contributions, and provide the specific amount to be allocated to each of these participants for lost income.

        **ii.**     That all lost income amounts related to untimely remitted contributions that total $499.62 and are included as part of the aforementioned $5,946.70 shall be allocated on a *pro rata* basis based on Messrs Bowen's and Quella's individual shares of untimely remitted contributions and provide the specific amount to be allocated to each of these participants for lost income.

        **iii.**    That $10,823.54 of the $16,770.24 remitted is owed to Messrs. Knapp and Kurtz and should be deposited in the PenChecks Account on behalf of the SARSEP for allocation to them, proportionally, based on the amounts actually due to each participant. Defendant Hall is to provide written instructions to PenChecks:

        **a.**     As to the specific amount of the aforementioned payments to Messrs. Knapp and Kurtz in amounts equal to their unremitted contributions;

        **b.**     That all lost income amounts related to unremitted contributions that total $1,488.05 and are included as part of the aforementioned $10,823.54 shall be allocated based on Messrs. Knapp's and Kurtz's individual shares of unremitted contributions and provide the specific amount to be allocated to each of these participants for lost income.

        **c.**     That all lost income amounts related to untimely remitted contributions that total $740.87 and are included as part of the aforementioned $10,823.54 shall be allocated based on Messrs. Knapp's and Kurtz's individual shares of untimely remitted contributions and provide the specific amount to be allocated to each of these participants for lost income.

     iv. Defendant Hall is to provide PenChecks with any requested assistance and/or documentation necessary in locating the SARSEP participants, in distributing restorative payments to each participant/beneficiary, or which may otherwise be necessary for the operation and administration of the PenChecks Account.

     v. Pay all of PenChecks' fees associated with actions required by this *Consent Order*. SARSEP participants shall not pay any such fees or have any fees deducted from payments made to them pursuant to this *Consent Order*.

   b. Within thirty days after restoring all monies to the SARSEP's account at Morgan Stanley, Defendant Hall shall terminate the SARSEP and cause Morgan Stanley to issue distributions to all current SARSEP participants. Defendant Hall shall pay all fees associated with the administration and termination of the SARSEP (SARSEP participants shall not pay any such fees or have any fees deducted from payments made to them pursuant to this *Consent Order*).

   D. Within seven days of making the aforementioned restorations of monies, Defendant Hall shall provide copies of the checks (front and back) to the EBSA Regional Director.

   E. Under no circumstances will Defendant Hall benefit in any way from the $18,122.62 he restores to SARSEP participants/beneficiaries pursuant to this *Consent Order*.

   8. Within fourteen days of PenChecks' and Morgan Stanley's issuing distributions to Messrs. Bowen, Knapp, Kurtz and Quella, Defendant Hall shall send copies of such checks (front and back) issued for distribution to the EBSA Regional Director. If either Mr. Bowen or Mr. Quella or both of them choose to roll over his/their SARSEP accounts to IRA accounts so

that issuance of a check is unnecessary, then Defendant Hall shall provide documentation to that effect.

9. In addition to the $18,122.62 that Defendant Hall is restoring to the SARSEP, the Stainless Steel bankruptcy counsel is holding $3,676.90 to pay on the claim that EBSA filed on behalf of the SARSEP.[2] Within thirty days of the entry of this *Consent Order*, Defendant Hall shall work with the bankruptcy counsel to have her issue separate checks to PenChecks and Morgan Stanley in the amounts of $2,195.98 and $1,480.92 respectively and totaling $3,676.90 solely for the benefit of Messrs. Bowen, Knapp, Kurtz and Quella. In making certain the checks are issued, Defendant Hall shall provide written allocation directions to PenChecks and Morgan Stanley regarding the bankruptcy recovery for Messrs. Bowen, Knapp, Kurtz and Quella.

10. Within seven days of the entry of this *Consent Order*, Defendant Hall shall execute and notarize an *Assignment of Beneficial Interest in the Hall Family Trust (Assignment)* assigning to the SARSEP his interest in the Hall Family Trust in an amount equal to his liability to the SARSEP as of the date of his execution. Written proof of the *Assignment* shall be provided to the EBSA Regional Director within seven days of Defendant Hall's execution of it. The *Assignment* will remain in place until such time as Defendant Hall restores all the monies owed to the SARSEP as set forth in Paragraph 7.

11. If it is found that the documents or deposition testimony Defendant Hall provided regarding his financial status are untrue, the sum of $18,122.62 plus accrued interest from the date of the entry of this *Consent Order* (minus payments made pursuant to this *Consent Order*) shall immediately become due and payable by him together with post-judgment interest pursuant to 28 U.S.C. §1961.

---

[2] *In re: Stainless Steel Fabricating, Inc.*, Chapter 11 Case No. 3:10-BK-18550, U.S. Bankruptcy Court for the Western District of Wisconsin (Madison).

12. Should Defendant Hall fail to pay any of the installment payments described in Paragraph 7 above on or before the dates specified, the entire amount of the balance remaining shall become due and payable immediately with no further notice or demand required by the Secretary to Defendant Hall.

13. Defendant Hall shall notify the EBSA Regional Director within seven days of any change of his name, residence, telephone number, mailing address or employment until the amounts recited in this *Consent Order* are repaid.

14. Each party agrees to bear his or its own attorneys' fees, costs and other expenses incurred by such party in connection with any stage of this proceeding to date including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

15. The Court shall maintain jurisdiction over this matter only for purposes of enforcing this *Consent Order*.

16. Nothing in this *Consent Order* is binding on any government agency other than the United States Department of Labor.

DATED July 3, 2013

*Barbara B. Crabb*
**BARBARA B. CRABB**
**UNITED STATES DISTRICT COURT JUDGE**

Entered this 9th day of July, 2013.

*Peter Oppeneer*
Peter Oppeneer
Clerk of Court

The parties hereby consent to the entry of this *Consent Judgment and Order.*

**FOR THE SECRETARY OF LABOR**

**M. PATRICIA SMITH**
Solicitor of Labor

Regional Solicitor
**CHRISTINE Z. HERI**

s/Eileen R. Hurley                                                                DATE: June 28, 2013
**EILEEN R. HURLEY**
Trial Attorney

**P.O. ADDRESS:**
Office of the Solicitor
U.S. Department of Labor
230 S. Dearborn Street, Suite 844
Chicago, Illinois 60604
Telephone: (312) 353-5738
FAX: (312) 353-5698

**FOR DEFENDANT GEORGE HALL:**

s/George Hall                                                                      DATE: June 26, 2013
**GEORGE HALL**
106 Dawn Court
Columbus, WI 53925

s/Kristin Sederholm                                                           DATE: June 26, 2013
**KRISTIN SEDERHOLM**
Krekeler Strother SC
15 North Pinckney Street, Suite 200
Madison, WI 56536
Telephone: (608) 258-8555
FAX: (608) 258-8299

**FOR DEFENDANT STAINLESS STEEL FABRICATING, INC.,
SALARY REDUCTION SIMPLIFIED EMPLOYEE PENSION PLAN**


s/George Hall                                **DATE:** June 26, 2013
**GEORGE HALL**, Plan Trustee
106 Dawn Court
Columbus, WI 53925


s/Kristin Sederholm                          **DATE:** June 26, 2013
**KRISTIN SEDERHOLM**
Krekeler Strother SC
15 North Pinckney Street, Suite 200
Madison, WI 56536
Telephone: (608) 258-8555
FAX: (608) 258-8299